UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE LYNN WHITELEY, | Case No. SACV 17-2167 JC |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

**I.    SUMMARY**

On December 12, 2017, plaintiff Michelle Lynn Whiteley filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; 12/15/17 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 31, 2014, and March 10, 2015, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits, respectively, alleging disability beginning on October 22, 2012, due to ruptured discs in her neck and back, multiple broken bones in her head and face, severe anxiety, panic attacks, bipolar disorder, and posttraumatic stress disorder (PTSD). (Administrative Record ("AR") 20, 141, 169, 169). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 36-69).

On October 11, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 20-32). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: bipolar disorder, PTSD, somatic disorder, substance abuse (marijuana daily), degenerative disc disease (DDD) of the cervical and lumbar spine, sciatica, left shoulder impingement syndrome (status post left shoulder surgery), acetabular dysplasia both hips, and minimal biceps tenosynovitis (AR 22); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 23-24); (3) plaintiff retained the residual functional capacity to perform less than a full range of light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR 24); (4) plaintiff was unable to

---

[1]The ALJ determined that plaintiff (i) could lift/carry 20 pounds occasionally and 10 pounds frequently; (ii) could stand and walk six hours in an eight-hour workday; (iii) could sit six hours in an eight-hour workday, with the ability to stand and stretch or sit, estimated to take
(continued...)

2

perform any past relevant work (AR 30); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 31); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 25).

On October 12, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

### III. APPLICABLE LEGAL STANDARDS

#### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted); 20 C.F.R. §§ 404.1505(a), 416.905. To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

---

(...continued)
1-3 minutes per hour; (iv) could climb stairs but no ladders, ropes or scaffolds; (v) could do occasional overhead reaching bilaterally; and (vi) was limited to simple tasks with a reasoning level of three or less; no public contact; occasional contact with coworkers and supervisors; and low stress jobs defined as having only occasional decision making duties and changes in the work setting. (AR 24).

3

Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

**B.  Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining

"substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Medical Opinion Evidence

Plaintiff contends that the ALJ failed properly to consider the opinions that Dr. Steven I. Brawer, a clinical psychologist, expressed in a February 2, 2016, consultative psychological evaluation report ("Dr. Brawer's Opinions"). (Plaintiff's Motion at 5-7; see AR 339-47). More specifically, plaintiff essentially argues that the ALJ improperly rejected Dr. Brawer's statement that "[g]iven her dysphoria and somatic complaints, the [plaintiff] may have difficulty sustaining stamina and motivation[]" ("Dr. Brawer's Statement"). (Plaintiff's Motion at 6-7) (quoting AR 347). Plaintiff has not shown that a reversal or remand on this basis is warranted.

#### 1. Pertinent Law

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians." 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); 20 C.F.R. §§ 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Revels v. Berryhill, 874

F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

An ALJ may reject the uncontroverted opinion of an examining physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where an examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). In addition, an ALJ may reject the opinion of any physician, including a treating physician, to the extent the opinion is "brief, conclusory and inadequately supported by clinical findings." Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted).

### 2. Analysis

First, plaintiff's general and conclusory assertions that the ALJ's decision "provides no analysis of Dr. Brawer's [Statement]" or "why this portion of Dr. Brawer's [Opinions] was rejected" (Plaintiff's Motion at 6, 7), without more, do not establish that the ALJ materially erred in evaluating such medical opinion evidence. See Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) ("A bare assertion of an issue [in appellate briefing] does not preserve a claim.") (citations omitted); see also Carmickle v. Commissioner of

Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address challenge to ALJ finding where claimant's briefing failed to argue the issue "with any specificity"); Brollier v. Astrue, 2013 WL 1820826, at *6 & n.113 (N.D. Cal. Apr. 30, 2013) (court not required to consider "conclusory unsupported arguments" where Social Security plaintiff "fail[ed] to provide any analysis supporting [his position] or argue that [ALJ's alleged error] would necessarily have altered the ALJ's ultimate determination") (citing id. at 1162).

Second, plaintiff has not shown, and the record does not reflect that the ALJ actually *rejected* Dr. Brawer's Statement at all. To the contrary, the ALJ quoted Dr. Brawer's Statement almost verbatim in the administrative decision, and expressly gave "great weight" to Dr. Brawer's Opinions as a whole, including opinions that plaintiff retained adequate mental functioning to "learn a simple, repetitive task" and "perform some detailed, varied, or complex tasks," "follow[] a routine and organiz[e] herself for basic tasks," and "be able to work independently." (AR 346-47). The ALJ was entitled to rely on Dr. Brawer's ultimate conclusions regarding plaintiff's mental abilities, rather than a single, equivocal statement regarding possible difficulty plaintiff "*may* have" at some future point. Cf. Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001) (ALJ resolves conflicts and ambiguities in the evidence); Reddick, 157 F.3d at 722-23 (ALJ must "fully account[] for the context of materials or all parts of the testimony and reports"). Even so, simply because the ALJ did not provide a detailed analysis of a single statement in the consultative examiner's lengthy report, does not mean the ALJ rejected and/or failed properly to consider that specific statement, much less Dr. Brawer's Opinions as a whole. The ALJ was not required to discuss every piece of evidence in the record. See Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'") (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)); Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th

Cir. 1984) ("The Secretary [] need not discuss *all* evidence presented to her.") (citation omitted; emphasis in original). An ALJ must provide an explanation only when she *rejects* "significant probative evidence." Vincent, 739 F.2d at 1395 (citation omitted).

Finally, even assuming the ALJ erred in some respect, plaintiff has not identified any mental limitations noted in Dr. Brawer's Statement that were not accounted for in the ALJ's residual functional capacity assessment which limited plaintiff to "simple tasks" and only "low stress" jobs. (AR 24). Moreover, the ALJ gave "great weight" to the opinions of Dr. Brawer and Dr. M. Salib (the state-agency mental consultant who found plaintiff capable of performing simple repetitive tasks) (AR 29) (citing Ex. 1A at 10, 13-15 [AR 79, 82-84]), neither of whom opined that plaintiff could not work for any twelve-month period. See Sawyer v. Astrue, 303 Fed. Appx. 453, 455 (9th Cir. 2008) (error in ALJ's failure properly to consider medical opinion evidence considered harmless "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion. . . .") (citing Stout, 454 F.3d at 1055; cf. Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Commissioner's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled"). Hence, plaintiff has not shown that any alleged error was consequential to the ALJ's ultimate nondisability determination.

In light of the foregoing, a remand or reversal on this basis is not warranted.

**B.    The ALJ Properly Evaluated Plaintiff's Subjective Complaints**

Plaintiff contends that a remand or reversal is warranted because the ALJ failed to articulate legally sufficient reasons for rejecting plaintiff's subjective complaints. (Plaintiff's Motion at 8-13). The Court disagrees.

///

///

8

### 1. Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. §§ 404.1529(a) & (d), 416.929(a) & (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her subjective symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. §§ 404.1529(a), (c)(4), 416.929(a), (c)(4); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4-*10.[2] When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's

---

[2] Social Security Rulings reflect the Social Security Administration's ("SSA") official interpretation of pertinent statutes, regulations, and policies. 20 C.F.R. § 402.35(b)(1). Although they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); Bray, 554 F.3d at 1224 (citations and quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings). Social Security Ruling 16-3p, which superseded SSR 96-7p, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11. The SSA subsequently republished SSR 16-3p making no change to the substantive policy interpretation regarding evaluation of a claimant's subjective complaints, but clarifying that the SSA would apply SSR 16-3p only "[when making] determinations and decisions on or after March 28, 2016[,]" and that federal courts should apply "the rules [regarding subjective symptom evaluation] that were in effect at the time" an ALJ's decision being reviewed became final. SSR 16-3p, 2017 WL 5180304, at *1, *13 n.27.

symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015).

If an ALJ's evaluation of a claimant's statements is reasonable and is supported by substantial evidence, it is not a court's role to second-guess it. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

### 2. Analysis

First, the ALJ properly gave less weight to plaintiff's subjective statements, in part, based on plaintiff's failure to seek a level or frequency of medical treatment consistent with the alleged severity of plaintiff's subjective symptoms. See Molina, 674 F.3d at 1113 (ALJ may properly consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when evaluating claimant's subjective complaints) (citations and internal quotation marks omitted); SSR 16-3p, 2016 WL 1119029, at *7-*8 (ALJ may give less weight to subjective statements where "the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms. . . ."). For example, as the ALJ noted, although plaintiff alleged that she became disabled in October 2012, the record lacks evidence of any treatment prior to 2014. (AR 28, 226-619).

In addition, plaintiff reported that her symptoms significantly improved when she was taking her medication. (See, e.g., AR 288 ["When on her meds [plaintiff] has felt better and almost ready to get a job."]); see generally Warre v. Commissioner of Social Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not

disabling[.]") (citations omitted); see, e.g., Bailey v. Colvin, 659 Fed. Appx. 413, 415 (9th Cir. 2016) (evidence that "impairments had been alleviated by effective medical treatment," to the extent inconsistent with "alleged total disability[,]" specific, clear, and convincing reason for discounting subjective complaints) (citing id.). Nonetheless, as the ALJ noted, there is some evidence that plaintiff failed to take medication she was prescribed because it was not covered by her insurance. (AR 28) (citing Exhibit 4F at 3-5 [AR 286-88]). An ALJ may not reject symptom testimony when a claimant provides "evidence of a good reason" for not pursuing treatment. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted), superseded, in part, on unrelated grounds by 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Here, however, the ALJ expressly found "no evidence that [plaintiff] sought no-cost treatment alternatives, such as treatment at a public health clinic" to offset any insufficient insurance coverage. (AR 28); see Molina, 674 F.3d at 1113-14 (ALJ's finding that reason claimant proffered for not seeking treatment was "not believable" supports giving less weight to claimant's symptom testimony) (citation omitted).

Second, the ALJ properly gave less weight to plaintiff's subjective statements, in part, based on inconsistencies between plaintiff's testimony and her conduct (*e.g.,* moving to take care of her grandmother approximately two months after she allegedly became disabled). (AR 28, 233); see Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies . . . between [plaintiff's] testimony and [her] conduct"); SSR 16-3P, 2016 WL 1119029, at *8 (ALJ may consider "consistency of the individual's own statements" when "determining whether an individual's symptoms will reduce his or her corresponding capacities to perform work-related activities").

Third, the ALJ properly gave less weight to plaintiff's subjective statements to the extent plaintiff engaged in daily activities which require a greater level of

functioning than plaintiff alleges she can actually do. See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (inconsistencies between claimant's testimony and claimant's reported activities valid reason for giving less weight to claimant's subjective complaints) (citation omitted); SSR 16-3p, 2016 WL 1119029, at *7 (ALJ may determine that claimant's symptoms "are less likely to reduce his or her capacities to perform work-related activities" where claimant's subjective complaints are inconsistent with evidence of claimant's daily activities) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). For example, as the ALJ noted, contrary to plaintiff's allegations of disabling pain and weakness, during a consultative psychological examination plaintiff reported that she was able to do "household chores and cooking," dress and bathe herself without assistance, read, watch television, and "mak[e] things" as a hobby. (AR 342). At the hearing plaintiff testified that she had been able to take care of her friend's animals, enjoyed spending time outdoors and would make flower/succulent arrangements, and could clean up with breaks, cook simple meals, do laundry infrequently, and go shopping with others. (AR 28-29, 57-62). Consistently, plaintiff's husband reported that plaintiff had no problem with personal care, was able to prepare simple meals, do dusting, sweeping, and wiping down surfaces one hour each week, feed and let out the cat, and plaintiff would read, watch television, and/or be "on her phone" throughout each day. (AR 28, 179-82).

As plaintiff correctly suggests (Plaintiff's Motion at 12-13), a claimant "does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citation omitted). Nonetheless, this does not mean that an ALJ must find that a claimant's daily activities demonstrate an ability to engage in full-time work (*i.e.*, eight hours a day, five days a week) in order to discount conflicting subjective symptom testimony. To the contrary, even where, like here, a claimant's activities reflect difficulty in functioning, an ALJ may give less weight to subjective complaints to the extent the claimant's apparent

actual level of activity is inconsistent with the extent of functional limitation the claimant has alleged. See Reddick, 157 F.3d at 722 (ALJ may consider daily activities to extent plaintiff's "level of activity [is] inconsistent with [the] . . . claimed limitations"); cf. Molina, 674 F.3d at 1113 ("Even where [claimant's] activities suggest some difficulty functioning, they may be grounds for [giving less weight to] the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted); see, e.g., Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)).

Fourth, the ALJ properly gave less weight to plaintiff's subjective complaints due, in part, to the absence of supporting objective medical evidence. See Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider . . . ."); SSR 16-3p, 2016 WL 1119029, at *5 ("[ALJ may] not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). For example, the ALJ's thorough and detailed description of the record evidence describes many normal or minimal objective medical findings which do not reflect significant functional limitations beyond those included in the ALJ's residual functional capacity assessment for plaintiff. (AR 25-28).

Finally, plaintiff argues that the ALJ provided certain invalid reasons for giving less weight to plaintiff's statements (*i.e.*, evidence that plaintiff had made incomplete and/or less than truthful statements) (Plaintiff's Motion at 11-12); cf. SSR 16-3p, 2017 WL 5180304, at *2 ("[S]ubjective symptom evaluation is not an

examination of a[] [claimant's] character."). The Court finds any such errors to be harmless. As discussed above, the remaining reasons identified by the ALJ for giving less weight to plaintiff's statements are supported by substantial evidence, and the asserted errors would not have negated the validity of the ALJ's ultimate evaluation of plaintiff's statements in this case. See Molina, 674 F.3d at 1115 (Where one or more reasons supporting an ALJ's credibility analysis are invalid, any error is harmless if (1) the ALJ provided other valid reasons supported by the record; (2) "there remains substantial evidence supporting the ALJ's decision"; and (3) the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion.") (citations and internal quotation marks omitted).

Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 7, 2019.

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE